```
                    IN THE UNITED STATES DISTRICT COURT

                   FOR THE NORTHERN DISTRICT OF CALIFORNIA


OSCAR E ERICKSON, INC,                    No  C  07-1859  VRW

         Plaintiff,                           ORDER

     v

NORTHWESTERN NATIONAL INSURANCE
COMPANY OF MILWAUKEE, WISCONSIN;
PACIFIC EMPLOYERS INSURANCE
COMPANY; ACE AMERICAN INSURANCE
COMPANY; THE INSURANCE COMPANY OF
THE STATE OF PENNSYLVANIA; AIG
DOMESTIC CLAIMS, INC; THE UNITED
STATES FIDELITY AND GUARANTY
COMPANY; METLIFE INSURANCE
COMPANY OF CONNECTICUT, fka THE
TRAVELERS INSURANCE COMPANY;
GRANITE STATE INSURANCE COMPANY;
AND DOES 1-50,

         Defendants.
                                      /
```

Plaintiff Oscar E Erickson (Erickson) brought this action against eight insurance companies, asserting that each carrier failed to indemnify Erickson in response to multiple suits alleging personal injuries from asbestos exposure. Erickson originally filed his complaint in California state court. Defendant

Northwestern National Insurance Company (NNIC) removed the case, thereby triggering the discovery stay of FRCP 26. Doc #1. Immediately thereafter, NNIC and defendant AIG Domestic Claims, Inc (AIG) filed motions to dismiss and motions for summary judgment as their initial responsive pleadings. Doc ##11, 13. These motions and others will be heard on July 5, 2007.

Erickson requests leave of court to file a motion to conduct early discovery pursuant to FRCP 26(d) and FRCP 56(f). Doc ##58, 62. Erickson states that such discovery is necessary to oppose the pending motions. Id. Erickson seeks a continuance of the motions scheduled for July 5 to allow time to conduct the requested discovery. Id. Defendants NNIC, AIG, Granite State Insurance Company, and Insurance Company of the State of Pennsylvania oppose Erickson's request. Doc ##60, 61. These defendants represent variously that: (1) they have already provided all relevant materials; (2) the requested materials are not available; (3) even if the requested materials were available, they would not defeat the pending motions; (4) defendants would suffer prejudice from the delay; and (5) early discovery would require undue expense. Id. Defendants do not oppose a reasonable continuance of the July 5 hearing date to accommodate counsel's availability. Id.

After reviewing the parties' letters, the court GRANTS Erickson's request for leave to file a motion to conduct early discovery. The court prefers to consider defendants' numerous objections in the context of such motion. Erickson shall file his motion on or before June 21, 2007. Those defendants opposing the request shall file an opposition on or before July 6, 2007.

**United States District Court**
For the Northern District of California

1  Erickson shall file a reply on or before July 13, 2007.  The July
2  5, 2007 hearing is VACATED.  The parties are to confer on a new
3  hearing date following entry of the court's order on Erickson's
4  motion for early discovery.  After conferring, the parties are to
5  contact the deputy clerk to set up a hearing at a date convenient
6  to their schedules.

          IT IS SO ORDERED.

          VAUGHN R WALKER
          United States District Chief Judge