IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OSCAR E ERICKSON, INC, | No C 07-1859 VRW |
|     Plaintiff, | ORDER |
|   v | |
| NORTHWESTERN NATIONAL INSURANCE COMPANY OF MILWAUKEE, WISCONSIN; PACIFIC EMPLOYERS INSURANCE COMPANY; ACE AMERICAN INSURANCE COMPANY; THE INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA; AIG DOMESTIC CLAIMS, INC; THE UNITED STATES FIDELITY AND GUARANTY COMPANY; METLIFE INSURANCE COMPANY OF CONNECTICUT, fka THE TRAVELERS INSURANCE COMPANY; GRANITE STATE INSURANCE COMPANY; AND DOES 1-50, | |
|     Defendants. | |
|                                  / | |

      Plaintiff Oscar E Erickson (Erickson) brought this action against eight insurance companies, asserting that each carrier failed to indemnify Erickson in response to multiple suits alleging personal injuries from asbestos exposure. Erickson originally filed his complaint in California state court. Defendant

Northwestern National Insurance Company (NNIC) removed the case, thereby triggering the discovery stay of FRCP 26. Doc #1. Immediately thereafter, NNIC and defendant AIG Domestic Claims, Inc (AIG) filed motions to dismiss and motions for summary judgment as their initial responsive pleadings. Doc ##11, 13.

Erickson requested leave of court to file a motion to conduct early discovery pursuant to FRCP 26(d) and FRCP 56(f), representing that such discovery was necessary to oppose the pending motions. Doc #58. The court granted Erickson's request. Doc #69.

Erickson filed his motion to conduct early discovery on June 21, 2007. Doc #73. Therein, Erickson reminds the court that he filed a motion to remand on May 3, 2007. Doc #43. The motion to remand was taken off calendar when the court vacated the motions to dismiss and was never fully briefed.

In his motion to remand, Erickson argues that the case was improperly removed because only seven of the eight defendants consented to removal. Doc #43. According to Erickson, such removal is defective because it violates the "rule of unanimity," which requires that all defendants who may properly join in the removal notice must join. See, e g, Hewitt v City of Stanton, 798 F2d 1230, 1232 (9th Cir 1986).

Given the suggestion that jurisdiction may be lacking, the court will proceed to the merits of the motion to remand before resolving the discovery dispute. Accordingly, defendants are ORDERED to file a joint opposition to Erickson's motion to remand on or before October 11, 2007. Erickson may file a reply on or before October 25, 2007. After all the papers have been received,

2

the matter will be deemed submitted without oral argument.  See Civil LR 7-1(b).

      Docket numbers 11, 13, 34, 38, 39, 50, 51, 57, 63, and 73 are STAYED pending resolution of the motion to remand.

      IT IS SO ORDERED.

VAUGHN R WALKER

United States District Chief Judge